Hotard et al. vs. Railway Company.

No. 9026.

F. M. HOTARD ET AL. VS. THE TEXAS AND PACIFIC RAILWAY
COMPANY.

In a suit for damages occasioned by a wrongful act, prescription commences to run. not from
the time the act was done, but from the time when damage was sustained in consequence
of it.

Where an act under private signature has been recorded upon due proof of its execution,
and the original has been withdrawn from the Recorder's office by the party to whom it
belongs, a third person wishing to make it available against such party may introduce in
evidence a copy of such record. It is the best evidence attainable by him.

A railway company that has destroyed a levee for its own convenience and without author-
ity, building another at a different place, which gives way shortly thereafter, is respon-
sible for the damages consequent thereon.

APPEAL from the Twenty-sixth District Court, Parish of Jeffer-
son. *Hahn*, J.

*C. W. Besançon* and *Sambola & Ducros* for Plaintiffs and Appellees.

*Kennard, Howe & Prentiss* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.    The object of this suit is to recover damages for injury
to the gardens of plaintiffs caused by a crevasse in April, 1883.    The
crevasse is alleged to be owing to the excavation and removal of a
levee which had protected them, and which extended from a point
near the boundary line between Algiers and McDonoughville four or
five hundred yards up the river.    The petition charges that this levee
was cut away and the earth removed by the defendant company for its
own benefit, and that the earth thus removed was used to make grades
for its track, switches, etc., and that these acts were malicious.

The plaintiffs have no connection with one another except that they
are companions in misfortune.    There are eighteen of them.    Each is
owner of his separate parcel of ground.    Their petition prayed judg-
ment for a round sum—seventeen thousand nine hundred and forty
dollars—to be apportioned among them according to a statement an-
nexed, whereon each is set down for the amount of his damage, and
mention is made of the kind of vegetables or fruits in cultivation when
the damage was suffered.

There was judgment below on a verdict of a jury for seven thousand
and thirty-five dollars, distributing it among the plaintiffs (after five
of them had been eliminated by an exception to jurisdiction) and
specifying the sum for which each had judgment.    The plaintiffs' brief
calls our attention to a motion to dismiss on the ground that each claim

is separate from the others, and no claim is above one thousand dollars. We do not find any motion for dismissal, and should not sustain it if we did. The defendant for its and their convenience made no objection to the joinder of plaintiffs, if indeed a valid one could have been made, and now that the plaintiffs have profited by it in saving costs, the defendant is fairly entitled to have the advantage of it also. In point of fact two of the plaintiffs prefer each a claim for more than a thousand dollars.

Prescription was pleaded. The levee was dug and removed in or before March, 1882. The crevasse occurred more than a year thereafter, April, 1883. The suit was filed in June of same year. Prescription commences to run, not from the time of the wrongful act, but from the time when damage was sustained in consequence of it. Mestier v. Opelousas R. Co. 16 Ann. 354.

The name of the company that commenced the building of this road was the New Orleans Pacific Railroad, which was consolidated with and merged in the Texas and Pacific on June 20, 1881. The deed is in the common law form of conveyance, and not a notarial act. The acknowledgment of it was made before a Commissioner of Deeds in New York in September 1882. The plaintiffs introduced in evidence the conveyance book in which that deed is recorded, or the pages containing it. Objection was made that the best evidence of the consolidation was the original deed, which was not pretended to be lost or destroyed, and none other could be admitted. The brief of the defendant states that the original was not deposited with the Recorder.

The plaintiffs are thus shewn to have produced the best evidence attainable by them. The document belonged to the defendant. The original had been withdrawn from the public records by the defendant, or rather had never been deposited among them. It had been recorded, says the brief, to give it effect as against third persons. It must equally enable third persons to make it effectual against the company. This deed shewed that the defendant had taken the place of the former company in June 1881. The act complained of was done after that date.

The defendant further urges that cutting the levee was a lawful act because authorized. The police jury had passed an ordinance in the Spring of 1881 granting the right of way over any road or street of which the jury has control, and providing that any fences, buildings, or other obstructions standing upon any of them shall be removed and rebuilt by the company; to which is also given permission to build

wharves, depots, warehouses, etc. upon and in front of its riparian property. No mention is made of levees except that the company shall maintain at its own expense the levee on or in rear of the land occupied by its terminus.

Not only is there no permission given to cut the existing levee, but the obligation of maintaining a particular levee is expressly imposed. It is therefore not necessary to say whether the statute of 1880, when it authorizes police juries to make necessary laws for the repair, preservation, and protection of levees, can be understood to confer authority for their destruction and demolition; nor to enquire if the power to regulate the manner in which a levee may be cut for rice flumes or other purposes, can be construed as including the total removal of the levee among the 'other purposes.' The ordinance cannot cover the act of the defendant even under the most latitudinarian construction. Conceding to the police jury the fullest control over the levees, permission was not given by the ordinance to do what the defendant has done, and the reading the ordinance makes manifest that the jury had no such act in contemplation.

Nor can it be conceded that because it was more convenient for the railway to change the line of the levee, therefore it could rightfully dig up the existing levee and make another where it wished to have it. If the levee built by the company instead of the old one which it destroyed, had withstood the floods, doubtless no one would have questioned its right. But it did not withstand them. The defendant contends that it gave way under the overwhelming force of the elements—that the river was at the highest stage till then known, and was irresistible. We can never know whether the old levee would not have likewise given way, but we do know that the particular part of this levee that did give way was that newly built by the defendant. That part of the old levee both above and below the excavation stood the pressure of the wind and waves. The excavated part was as good as those above and below. Two witnesses say that the new levee was as good as the old. They admit a levee covered with grass is stronger than one that has not such protection, and there is no dispute that the old levee was thus strengthened, and the new was not. There seems no reasonable doubt that the crevasse was owing to the destruction of the old levee, and there is no escape from the liability for damages occasioned thereby.

We have scrutinized the verdict to ascertain whether the damages and loss of profits are based exclusively upon the speculative opinions

of witnesses and upon their estimates of supposed profits, and find the jury have judiciously abated the exaggerated claim as set forth in the estimates annexed to the petition. We perceive the difficulty of an entirely accurate computation, and as that difficulty would scarcely be less for us than for them we shall not disturb their finding.

Judgment affirmed.