I So.2d 522

**SEYBOLD et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

No. 35859.

March 3, 1941.

Rehearing Denied March 31, 1941.

Samuel J. Tennant, Jr., of New Orleans, for plaintiffs and appellants.

P. M. Milner, of New Orleans, for defendant and appellee.

ROGERS, Justice.

This is an appeal from a judgment dismissing the suit on an exception of misjoinder of parties plaintiff. We think the exception was improperly maintained.

The plaintiffs, nine in number, brought suit against the Fidelity & Deposit Company of Maryland, surety on the bond of Giuffria Realty Co., real estate agent or broker. The bond is for the sum of $10,000 and is a statutory bond executed under the provisions of Act No. 236 of 1920. As shown by the petition, each of the plaintiffs entered into a contract or bond for deed with the Giuffria Realty Company for the purchase of two or more lots of ground, situated in Ponte Vista Subdivision, Jefferson Parish, which was then owned by Anthony Giuffria. Plaintiffs charge that by reason of certain alleged fraudulent acts of the Giuffria Realty Company, as real estate agent or broker, they have suffered damages to the extent of the money each of them paid in installments as provided in the contracts or bond for deed. Plaintiffs aver that because of the fraudulent acts of the Giuffria Realty Company, the defendant, Fidelity & Deposit Company of Maryland,

as statutory surety, is liable to them. The amount paid by each plaintiff in installments under the contract is set forth in the petition. These payments and the attorney's fees and interest claimed thereon amount in the aggregate to more than $10,000.

The prayer of the petition is for a judgment in favor of each plaintiff for the amount claimed by him, with interest and attorney's fees, "all in the sum total not more than Ten Thousand Dollars ($10,-000.00)."

The defendant has filed in this Court an answer, an exception of no cause of action, and a plea to the jurisdiction of this Court. Defendant asks that the judgment of the district court be affirmed and, in the alternative, that the exception of no cause of action or the plea to the jurisdiction be maintained.

■ It is well settled that the test which must be applied in considering a plea of misjoinder is whether plaintiffs have a common interest in the subject matter of the suit. Reardon v. Dickinson, 156 La. 556, 100 So. 715.

The suit is one brought by nine persons, holding separate bonds for deed, to recover from the statutory surety of the real estate agent, with whom they dealt, the amount of their respective payments under the contracts. Plaintiffs allege fraud on the part of the real estate agent and the liability of the defendant surety company for the fraud committed by its principal.

The exception is predicated "upon the ground that the petition shows misjoinder of nine separate plaintiffs on nine separate claims."

Defendant argues that there is no community of interest among the plaintiffs; that each plaintiff is the holder of a separate contract to purchase different lots of ground, for different prices, upon different terms and conditions. Defendant maintains that none of the plaintiffs has any interest in the contracts held by his co-plaintiffs, and that the claims asserted by plaintiffs are subject to different exceptions and defenses.

■ The exception of misjoinder is dilatory in character and must be determined on the face of the petition. Reardon v. Dickinson, supra.

■ The petition discloses that the plaintiffs are seeking a recovery from the same defendant. The cause of action asserted by each plaintiff is identical. So far as the petition shows, the claims of all the plaintiffs are founded on a bond for deed and a contract of suretyship, the terms and conditions of which are similar. The real estate agent with whom the plaintiffs contracted and for whom the defendant was the statutory surety is the same in each case. All the lots of ground covered by the bonds for deed are situated in Ponte Vista Subdivision, Parish of Jefferson, the ownership of which was vested in one person. In short, there is no substantial difference in the character of plaintiffs' claims, and, under the petition, the issues presented and the facts to be elicited, with the exception of the amounts claimed, are identical. The limit of liability of the defendant, as surety on the bond of Giuffria Realty Company, real estate agent, is $10,000. And the aggregate of plaintiffs' claims against the

surety company is in excess of the company's contractual liability.

This suit has some of the aspects of a proceeding in concursus. It can not be disputed that the defendant surety company could institute such a proceeding and interplead all the plaintiffs as claimants on the bond and if the plaintiffs should be relegated to nine separate and distinct actions, the defendant surety company by the simple expedient of provoking a concursus could consolidate the actions. In these circumstances, it can not be said that the plaintiffs have not a common interest in the subject matter of the litigation. It is obvious that in the event plaintiffs should be found entitled to a recovery as prayed for in their petition, the proportion in which each should share in the amount, constituting the total possible liability of the defendant surety company, should be fixed at one and the same time.

Our jurisprudence has sanctioned the cumulation of actions in cases similar to this one. Thus, in Hotard v. Texas & Pacific Railway Company, 36 La.Ann. 450, the Court permitted several market gardners, cultivating separate tracts of land, to unite in one suit to recover damages done to their several tracts by a crevasse which plaintiffs allege was due to the excavation and removal of a levee which had protected their property. In Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, it was held that owners of property abutting a street have a common interest and might join in a suit for the purpose of resisting the granting of a railway right of way along and to prevent the obstruction of the

street. And in the comparatively recent case of Reardon v. Dickinson, 156 La. 556, 100 So. 715, 717, this Court affirmed the action of the district court in overruling an exception of misjoinder parties plaintiff where twenty persons instituted suit against four other persons and asked for a judgment in solido for $35,000 apportioned to the plaintiffs as set out in the petition, this being the amount paid by plaintiffs for thirty-five shares of the capital stock of a certain corporation. The exception of misjoinder was based on the proposition that no mutuality or privity interest existed between the several plaintiffs with respect to the relief demanded by them individually. Plaintiffs alleged that they were induced to subscribe for the stock by the false and fraudulent representations of the common agent of the promoters and organizers of the corporation. This Court held that all the plaintiffs had an interest in common with one another to recover the amounts which each of them had paid out as a result of the alleged fraudulent representations. The Court said: "The cause of action of each of the plaintiffs, therefore, has the same origin and arises from the same common source. The evidence necessary to sustain the demand of one will be required for all the others. If one of the plaintiffs is entitled to recover, then all of them are. The plaintiffs must all succeed or all fail."

It is argued on behalf of defendant that the decision in Reardon v. Dickinson, supra, is not authority in this case because, as shown from the opinion, it is predicated on the theory that if one of the plaintiffs was entitled to recover, then all of them were,

otherwise not; that the plaintiffs must all succeed or all fail; and that such is not the situation here. The argument can not prevail.

In this case, as in the case of Reardon v. Dickinson, supra, the cause of action asserted by each plaintiff has the same origin and arises from the same common source, namely, the alleged fraudulent acts of the common real estate agent of the owner or promoter of the Ponte Vista Subdivision, Jefferson Parish, and that all of them have an interest in common with each other to recover out of the common bond of the real estate agent the amount that each of them may have lost by reason of such fraudulent acts.

If the claims asserted by plaintiffs in this suit had been asserted in separate suits, it is clear that defendant, without admitting liability, could have obtained an order directing that they be consolidated. Riggin v. Watson-Aven Ice Cream Co., 192 La. 469, 188 So. 144. In the Riggin case, this Court approved and ordered the consolidation of suits by different plaintiffs against one or more defendants where the suits were of the same nature, arose from the same act, event or transaction, involved the same or like issues, and depended largely or substantially on the same evidence, and where a joint trial would not give one party an undue advantage or prejudice the substantial rights of any of the parties.

We fail to see wherein the defendant in this case may be prejudiced by being called upon to defend only one suit instead of nine separate and distinct suits, the purpose of which is to establish defendant's

total possible liability on its bond to plaintiffs.

The fact that the eighth named petitioner, Mrs. George W. Davenport, sues as the recognized heir at law of Mrs. C. J. Madoule who obtained the bond for deed from the Giuffria Realty Company, is not sufficient to support the exception of misjoinder. The question of whether Mrs. Davenport is or is not the heir of Mrs. Madoule, is an incidental question that can not affect the primary question of defendant's liability under the bond for deed issued by the Giuffria Realty Company for which defendant was the statutory surety.

We find no merit in defendant's exception of no cause of action and plea to the jurisdiction filed in this Court. The exception of no cause of action appears to be leveled at the claim of the seventh named petitioner because the claim as set forth in the petition is asserted against the Giuffria Realty Company individually and not as agent for Anthony Giuffria. As explained by counsel for plaintiff in oral argument, the allegation showing the agency was inadvertently omitted. A reading of the whole petition discloses that the explanation is correct, and that the claim of the seventh named petitioner with the omitted allegation supplied is in no wise different from all the other claims set forth in the petition.

The plea to the jurisdiction of this Court would be well founded if this case was before us on the merits.

Where an appeal is predicated on the sum of the cumulated demands of

several plaintiffs, each of which is for a sum below the appellate jurisdiction of this Court, it is ineffective to give the Court jurisdiction. Alessi v. Town of Independence, 142 La. 338, 76 So. 792. But this case was not tried on the merits in the Court below. It comes before this Court on an appeal from a judgment sustaining an exception of misjoinder to a petition and prayer for the recovery of an amount in excess of the appellate jurisdiction of this Court. The judgment, in accordance with the prayer of the exception, dismisses the entire suit. For the purpose of the exception, the allegations of the petition and the prayer for relief must be considered as a whole and not separately. When this is done, it is clear that the present appeal is within the appellate jurisdiction of this Court.

For the reasons assigned, the judgment appealed from is annulled, the exception of misjoinder of parties plaintiff is overruled, and the case is remanded to the district court for further proceedings according to law; the cost of this appeal to be borne by the defendant, all other costs to await the final decision in the case.

PONDER, J., absent.