2 So.2d 897

**STATE ex rel. JOHNSON v. ASHMORE et al.**

**No. 36102.**

May 26, 1941.

B. F. Thompson, Jr., and K. Hundley, both of Alexandria, for plaintiff and appellant.

Cleveland Dear and Ward T. Jones, both of Alexandria, for defendants and appellees.

ROGERS, Justice.

Richard M. Johnson and Vivian Ashmore were married on September 23, 1937. Of this marriage twin boys, Roy Richard Johnson and Ray Joseph Johnson, were born on December 22, 1938. On May 13, 1939, Richard M. Johnson and his wife separated, the latter returning to the home of her parents.

This proceeding is by habeas corpus brought by Richard M. Johnson against his wife, Vivian Ashmore Johnson, and

her parents, Joseph M. Ashmore and Mrs. Charity Ashmore, to obtain the custody of his twin children, who were twenty-three months of age at the time of the trial of the case, on November 22, 1940. After hearing the testimony, the judge of the district court rendered judgment re-calling the writ of habeas corpus and decreeing that the children remain in the custody of their mother, but granting relator the right to visit his children at all reasonable times and places. Relator prosecutes this appeal from the judgment.

There is no proceeding for a separation or divorce pending between the relator and his wife. During their marriage, they lived in the Town of Glenmora. Mr. and Mrs. Ashmore, with whom Mrs. Johnson and her children are now living, re-side approximately five miles from Glenmora.

After removing to the home of her parents, Mrs. Johnson entered the State Normal College of Natchitoches to quali-fy herself as a teacher in order to earn a living for herself and her children. She visits her home on weekends and is at all times in a position to communicate therewith by telephone.

The testimony shows that the parents of Mrs. Johnson are in comfortable cir-cumstances and that their home is equip-ped with modern conveniences. It fronts on a gravel road and is accessible to a doctor in case of illness. The children were prematurely born. At the time Mrs. Johnson removed to the home of her parents, they were in poor health. When they were five or six months old, they were not strong enough to lift up their heads or to use their hands. Under the care and nursing of their maternal grand-parents, they have become sturdy and healthy children.

Relator lives in Glenmora with his mother, a bachelor brother, and two un-married sisters. The home is a comfort-able one and the testimony shows that re-lator's mother and his brother and sisters would welcome the children in their home and provide for them. However, re-lator's mother is in poor health and al-though she supervises the household af-fairs, the work thereof is actually per-formed by a negro servant. Relator's brother operates a store in Glenmora where relator is partially employed. Relator's sisters, although not regularly employed therein, also assist relator's brother in operating the store.

Relator testified that the children had not been permitted to visit him and that he had not visited the children for the reason that he was not welcome at the home of the children's maternal grand-parents. On the other hand, the respond-ents testified that the relator is welcome to visit the children at such reasonable times as he may desire.

Relator does not seriously contend that the children are not receiving proper care, or that their welfare requires that they be placed in his custody. On the contrary, they are of that tender age at which chil-dren need a mother's care more than that of any one else. The children are pres-

ently in as comfortable and happy an environment in the home of their maternal grandparents, under the supervision of their mother, as they could be anywhere else while their mother is qualifying herself to earn a living for herself and her children. State v. Hattier, 192 La. 209, 187 So. 551.

It is well settled that in contests involving the custody of children, the welfare of the children is the primary consideration. Davis v. Willis, 169 La. 13, 124 So. 129; State v. Spiers, 170 La. 454, 128 So. 275.

It is also well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children and his judgment, based upon the facts disclosed in any given case, is entitled to great weight. State v. Robin, 193 La. 789, 192 So. 349.

After hearing the evidence in the case, the trial judge, as shown by his judgment, considered that the welfare of the children requires that they be left in the custody of their mother, and we find nothing from our examination of the record that would warrant us in reversing his judgment.

The judgment authorizes relator to visit his children at all reasonable times and places. We see no reason why the parties should not be able to arrange matters so that the judgment in that respect may be carried out.

For the reasons assigned, the judgment appealed from is affirmed.