25 So.2d 620

STATE ex rel. THERIOT v. PULLING et al.

PULLING v. THERIOT.

No. 38042.

Feb. 11, 1946.

Guy J. D'Antonio, of New Orleans, for appellant.

Harold J. Winling, of New Orleans, for appellees.

PONDER, Justice..

Mrs. Azalie Theriot Pulling, wife of Thomas T. Pulling, instituted habeas corpus proceedings on August 7, 1945, against Walter Pulling and his wife, Mrs. Aurelia Pulling, the parents of her husband, seeking to recover the custody of her minor child, Azalie Cecile Pulling.

On August 10, 1945, Thomas T. Pulling brought suit against Azalie Theriot Pulling for divorce on the ground of two years separation and asked for the custody of the minor child. A rule issued to Azalie Theriot Pulling to show cause why the custody of the child should not be awarded to the plaintiff during the pendency of the suit. The rule and the habeas corpus proceedings were consolidated for the purpose of trial.

Upon trial of the consolidated cases, the lower court dismissed the habeas corpus proceedings and gave judgment on the rule, awarding the custody of the child to Walter Pulling and his wife, the paternal grandparents.

It appears that the lower court awarded the custody of the child to the paternal grandparents for the reason that Thomas T. Pulling, the husband, was temporarily absent from the parish by orders of the military department of the United States Government and temporarily located in the southwest Pacific.

The wife, Mrs. Azalie Theriot Pulling, has appealed.

The trial judge stated in his reasons for judgment that he had arrived at the opinion, after hearing and careful consideration of the testimony, that Mrs. Azalie Theriot Pulling was unfit to be entrusted with the care and custody of the minor child and that it was to the best interest and welfare of the child to allow it to remain with its paternal grandparents.

■ The case presents a question of fact only, and it is well settled that this Court will not disturb the judgment of the lower court on questions of fact unless there is a manifest error.

■ We have carefully reviewed the testimony in this case and find that several witnesses testified to the moral turpitude of the appellant. The defense was in the nature of an alibi. The record contains correspondence between the wife and two men, other than her husband, which corroborates the testimony of her unfitness.

■ It would serve no useful purpose to recite the testimony or evidence in this case, and we refrain from so doing for the reason that only the temporary custody of the child is involved, and the permanent custody of the child will be considered on the trial of the case on its merits.

"If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be grant-

ed to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge." Article 146 of the Louisiana Civil Code as amended by Act 124 of 1888.

"It is well settled that in contests involving the custody of children, the welfare of the children is the primary consideration. Davis v. Willis, 169 La. 13, 124 So. 129; State v. Spiers, 170 La. 454, 128 So. 275.

"It is also well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children and his judgment, based upon the facts disclosed in any given case, is entitled to great weight. State v. Robin, 193 La. 789, 192 So. 349." State ex rel. Johnson v. Ashmore, 197 La. 971, 2 So.2d 897, 898.

"Although parents have a natural right to the custody of their children, nevertheless the state has an interest in children which goes beyond the mere parental right. In all cases involving their custody, the welfare of the children must be considered, and should prevail over the mere parental right to their possession." State ex rel. Harris v. McCall, 184 La. 1036, 168 So. 291, 292.

"It is the well-settled jurisprudence of this state that the courts are not authorized to interfere with a parent's authority over his children, except if 'the court is satisfied that he (or she) will neglect them, or expose them to improper influences, in which case the paramount interest which society has in seeing to it

that they be well taken care of and properly brought up would justify the court in making some other disposition of them.' Ex parte Lincoln, 128 La. 278, 54 So. 818, 819." State ex rel. Perdue v. Carkuff, 182 La. 920, 162 So. 729.

■ Counsel for the appellant contends that there was error on the part of the lower court in consolidating the rule with the habeas corpus proceedings for the purpose of trial. Both proceedings were for the same purpose, that is, to determine a controversy concerning the right to the custody of the child. We do not know of any reason why these proceedings should not have been consolidated.

The case of State ex rel. Fazzio v. Triolo, 156 La. 824, 101 So. 211, relied on by the appellant, is not applicable. The Fazzio case merely decides that the habeas corpus proceedings filed in one division of the Civil District Court for the Parish of Orleans did not become ancillary to tutorship proceedings subsequently filed in another division of that court. This Court stated therein that the tutorship proceedings should have been transferred to the division which had jurisdiction over the habeas corpus proceedings for the reason that the habeas corpus proceedings were filed first. From our appreciation of the Fazzio case, there was nothing to prevent the consolidation of the cases for the purpose of trial if the tutorship proceedings had been lodged in the same division.

It is of no particular moment whether the habeas corpus proceedings are ancillary. The two proceedings were instituted in the same court, where only one judge pre-

sided, involved the same parties, and were for the same purpose, namely, to determine a controversy over the custody of a child. Under the circumstances, the trial court correctly consolidated the proceedings for the purpose of trial, thereby eliminating unnecessary expense and saving time.

The district court had ample authority to order the consolidation of these proceedings for the reason that they involved the same issue, depended substantially on the same evidence, and the joint trial did not give one party an undue advantage or prejudice the substantial rights of the others. Riggin et al. v. Watson-Aven Ice Cream Co., Inc., 192 La. 469, 188 So. 144. Seybold et al. v. Fidelity & Deposit Co. of Maryland, 197 La. 287, 1 So.2d 522.

For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.

O'NIELL, C. J., and HAWTHORNE, J., take no part.