100 So.2d 482

In re The Tutorship of the Minor, Hilda Sue O'QUINN (L. R. Hampton, Tutor),

v.

Mrs. Jewell S. O'QUINN (Under-Tutrix).

No. 43456.

Feb. 10, 1958.

Jos. R. Bethard, Shreveport, Bethard & Bethard, Coushatta, for defendant-appellant.

Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendant-appellee.

SIMON, Justice.

L. R. Hampton, the duly appointed tutor of the minor Hilda Sue O'Quinn caused a rule nisi to issue against her under-tutrix, Mrs. Jewell S. O'Quinn, to show cause why the said tutor should not be authorized to accept a settlement and compromise of a claim for damages made on behalf of said minor in a suit against United States Fidelity & Guaranty Company [1] for the accidental death of both of her parents, Dottie Hampton O'Quinn and Ira R. O'Quinn, Jr. The district court rendered judgment making the rule absolute and directed the tutor to accept a compromise settlement of $9,000. The under-tutrix appealed and brings before us the correctness of said judgment.

The parents of the said minor were killed in an automobile accident involving the car driven by Mr. O'Quinn in which his wife was a passenger and a car driven by Leonard Breaux, in which his wife, Thelma Peters Moyer Breaux, was a passenger and who was also killed as the result thereof.[2] The O'Quinns were survived by one minor child, Hilda Sue; and Mrs. Breaux was survived by three minor children.

The United States Fidelity & Guaranty Company had issued a liability policy in favor of Leonard Breaux in which the financial limits of liability of the insurer for the legal liability on the part of the insured are $10,000 for each person injured or killed and a total coverage of $20,000 in any one accident. The insurer has been made a defendant in the suit for damages filed in behalf of Hilda Sue O'Quinn in the Ninth Judicial District Court of Rapides Parish, Louisiana, for the death of both of her parents and as well as in a suit for damages filed in the Federal District Court for the Western District of Louisiana in behalf of the Breaux minors for the death of their mother, Thelma Peters Moyer Breaux.

The tutor, who is the maternal grandfather of the minor, Hilda Sue, assigns as a reason for the desirability of accepting the compromise tendered the fact that the said

1. L. R. Hampton v. United States Fidelity & Guaranty Company, No. 47,450 of the docket of the 9th Judicial District Court, Rapides Parish, La.

2. Though it appears from the record that Mr. Breaux is deceased we find no affirmative pleading or proof that his death resulted from said accident.

minor is afflicted with a congenital heart condition which may prove fatal prior to the exercise of her cause of action against the insurer. In her answer the under-tutrix, who is the paternal grandmother of the child, denied said allegation for lack of sufficient information to justify belief. However, during the trial she admitted knowing something of the child's reputed "heart condition" but testified that her knowledge had not been acquired from any authoritative medical source. We find it highly significant that the record is barren of any proof of any substantive value to sustain or support the allegation of any congenital heart affliction suffered by the minor. Counsel for the tutor, plaintiff in rule, was the only other witness who testified at the hearing of this rule and his testimony relative to the heart condition of the minor is nothing more than a conclusion of fact based on his personal opinion formulated from hearsay evidence.

The tutor assigns as another reason for the desirability of accepting the compromise tendered the fact that should the surviving minor children of Thelma Peters Moyer Breaux be successful in the suit for damages for the death of their mother, the $20,000 maximum coverage of the policy might be divided equally among all the claimants and thereby result in Hilda Sue realizing a recovery of only $5,000.

On the other hand, the under-tutrix opposes the settlement recommended by the tutor on the ground that the deceased parents of Hilda Sue were free from any negligence whatsoever in the accident which caused their deaths, the sole and only cause of the accident being the gross negligence of Leonard Breaux, who allegedly drove his car over and beyond the center line of the highway, colliding head-on with the O'Quinn car then being driven in its proper lane. The under-tutrix also charged contributory negligence on the part of Mrs. Breaux for her failure to have protested the negligent operation of the car by her husband and for having ridden in his car driven by him while he was intoxicated; that therefore said contributory negligence would bar her from recovering damages for any injuries sustained by her had she survived, and that further for said reason her surviving children are also barred from recovering damages for her death.

The record does not contain a scintilla of evidence to support the facts alleged by the tutor as reasons for the desirability of accepting the compromise offered. Furthermore, no attempt whatsoever has been made to present acceptable proof thereof, without which the conclusions of fact alleged by the tutor must be held irrelevant. Likewise, we find the allegations of negligence on the part of either or both of the Breauxs are unsupported by legal proof.

With reference to the liability of the United States Fidelity & Guaranty Company counsel for the tutor misinterprets the provisions of the policy when he contends that the sum of the $20,000 liability would be divided on the basis of the number of claimants, whereas in fact and in law the division of the policy proceeds of coverage such as this one must be made on the number of persons injured or killed and not on the number of claimants.

In the case of In re Employers' Liability Assur. Corporation, Limited, of London, England, 180 La. 406, 156 So. 447, 451, we considered the effect and the financial limit of the liability of the insurer wherein it was stated in its policy to be $10,000 for damages resulting from bodily injuries or death of one person, or $20,000 for damages resulting from one accident causing bodily injuries or death of more than one person, saying:

"But the language of the policy leaves no doubt that the limit on the insurer's liability is $10,000 if only one person suffers bodily injuries or death, no matter how many persons may suffer a loss, for which each one of them may have a cause of action for damages, resulting from the bodily injuries or death of the one person. The limit of $20,000 on the insurer's liability, for bodily injuries or death resulting from one accident, applies only where the accident causes 'bodily injuries or death to more than one person.' * * *

"Substituting the word 'damages' for 'injuries,' in the expression 'as respects injuries,' the language of the policy is paraphrased thus: The corporation's liability as respects damages resulting from bodily injuries or death of one person shall in no event exceed $10,000; and, subject to that limitation for damages resulting from the bodily injuries or death of one person, the total liability on account of any one accident causing bodily injuries or death to more than one person shall not exceed $20,000. In other words, it is only in the case of 'one accident causing bodily injuries or death to more than one person' that the limit of the insurer's liability is increased from $10,000 to $20,000. It is not in the event that more than one person suffers damages, but it is in the event that more than one person suffers 'bodily injuries or death,' that the limit of the insurers' liability is increased two-fold, 'on account of any one accident causing bodily injuries or death to more than one person.'"

Therefore, without attempting in any way to comment on or prejudge any issue not presented to us we do, without holding so, consider it reasonable to assume that should the claim presented in behalf of the Breaux

minors be denied then Hilda Sue could be entitled to recover damages from the insurer in maximum policy limits of $20,000 for the death of both of her parents. Should the claim on behalf of the Breaux minors be honored, then the possibility is that Hilda Sue, having suffered the loss of both of her parents, could recover from the insurer two-thirds of the maximum financial limits of the policy.

 We are fully cognizant of our jurisprudence that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children and his judgment, based upon the facts disclosed in any given case, is entitled to great weight. State ex rel. Landry v. Robin, 193 La. 789, 192 So. 349; State ex rel. Johnson v. Ashmore, 197 La. 971, 2 So.2d 897; State ex rel. Theriot v. Pulling (Pulling v. Theriot), 209 La. 871, 25 So.2d 620.

Nevertheless, in the instant case we find a total absence of proven facts which would justify the acceptance of the sum of $9,000 offered by the insurer in compromise of an undisputed claim in view of a possible recovery by legal process of a sum in excess of two-thirds of $20,000 or the maximum financial limits of the policy.

Accordingly, for the reasons assigned, the judgment of the trial court is reversed, annulled and set aside and the rule nisi is denied and dismissed. All costs to be paid by appellee.