BOLIN, Judge.
Plaintiff instituted this action against his former wife to modify a previous court order granting custody of their son to the mother. From judgment altering the previous decree by awarding custody of the child to the father, the mother has appealed.
The record reflects defendant obtained a judgment of final divorce from plaintiff in October 1952, in which proceeding she received permanent care and custody of the minor child, Clyde Rex Reeves, then four years of age. In June 1954, this decree was amended so as to permit the son to visit his father at reasonable times and places, and further ordering the father to pay to Mrs. Reeves a stipulated amount for support of the child. Pursuant to this judgment and by agreement between the parties, the boy continued to live with his mother in Monroe, Louisiana, but visited with his father in Shreveport during the summer months. In 1962, after the son had been with his father for several months during the summer, he refused to return to his mother’s home. In an effort to compel him to return, Mrs. Reeves instituted ha-beas corpus proceedings against her former husband in Caddo Parish but the court rejected the mother’s demands concluding the boy was not being detained by his father against his will. Soon after termination of the habeas corpus proceeding, the father brought the present action to have the previous custody decree amended so as to award him the permanent care and custody of the boy.
Child custody cases, which of necessity require a court to award the care and control of a minor to one of its parents to the exclusion of the other, involve perhaps the most serious and unpleasant matters brought before us for consideration. In the instant case numerous charges were made by both husband and wife which were not substantiated by the record. The boy, who also testified, likewise made some assertions that impressed the trial -judge as being unwarranted and unfounded. We deem it neither necessary nor advisable to discuss all the many charges leveled by the parties against the others. Such a review would only tend to make a public record of utterances which the parties someday will perhaps wish they had never said. The record does show, *60 without contradiction, certain basic facts which should be outlined.
Clyde Rex Reeves, who had his fourteenth birthday in December 1962, is a large and mature boy for his age. He lived in Monroe with his mother and his grandmother. His grandfather also lived in the home with them until his death a few years ago. There is some dispute as to the reason he became dissatisfied with living with his mother. He was not doing well with his school work. He had been involved in minor infractions of the law, and had been apprehended and investigated by the juvenile authorities on several occasions. When he came to Caddo Parish to visit his father in the summer of 1962, he was impressed with his new surroundings. His father has been married for approximately six years to his present wife who is a teacher in the Junior High School at Belcher. The testimony reflects that Clyde is fond of his stepmother and his three and one-half year old half brother who is the only other child living in the home. He testified he is completely satisfied in his new home; has a good understanding and relationship with his father, and under no circumstances does he want to go back to his unhappy surroundings with his mother and grandmother in Monroe.
By agreement of counsel, the evidence adduced during the habeas corpus hearing was made a part of the evidence in this case. After considering the evidence in those proceedings as well as the testimony of the many witnesses in the present case, the trial judge in a well-reasoned written opinion concluded:
“ * * * the paramount question being the best interests of the minor, we are convinced that in this particular case the best interests of this minor will be served by granting custody to the father.
“It is a tragedy that a mother has spent so many years in raising this boy and now finds him set against her. He, of course, will be legally responsible for his mother’s support when he becomes of age and is capable of caring for her, and of course he has the moral responsibility to honor and love her. But to send the boy back to her at this time could probably in the future cause her more grief and concern than to change the custody at this time and let the father raise the boy to maturity, at which time he possibly will realize his responsibility to his mother.”
 We are mindful of our settled jurisprudence that a mother has the paramount right to the custody of her minor children and will not be deprived thereof unless proven unfit except in special cases where it is shown it would be in the best interest of the minor that he be placed with his father. The law is also clear that a party seeking to change a previous custody decree bears the burden of proving the existing conditions and circumstances are detrimental to the child’s welfare. Gentry v. Gentry (La.App. 1 Cir., 1961), 136 So.2d 418, and cases cited therein.
It is equally well settled in custody cases the trial judge is granted much discretion in deciding what is to the best interest of the minor, and his decision on such matters should not be disturbed unless he has clearly abused his discretion. Ard v. Ard, 210 La. 869, 28 So.2d 461 (1946) and authorities cited therein.
This case presents no disputed legal questions but does present a most serious factual matter. Our study of the record convinces us the esteemed trial judge fully understood the applicable law but concluded the circumstances of the case were exceptional, and that the paramount interest and welfare of the child justified altering the former judgment by . awarding the boy’s care, control and custody to his father. We find no abuse of his discretion and the judgment appealed from is, accordingly, affirmed at appellant’s costs.
Affirmed.