HEARD, Judge.
On April 13, 1971 Marietta R. Nolte sued Fred E. Nolte for a separation from bed and board. Pursuant to her petition, a hearing on a rule to show cause why the custody of the minor children should not be awarded to plaintiff during the pen-dency of the proceeding, was set for April 27, 1971. At the same hearing Fred E. Nolte was directed to show cause why he should not pay $450 monthly for alimony pendente lite and child support.
After the hearing on the rule, the trial court, without written reasons, awarded Marietta Nolte custody pendente lite of Richard Bart Nolte, age four, and further, awarded Marietta Nolte alimony pendente lite in the amount of $75 per month and child support of $40 per month. Payment was ordered to commence on June 1, 1971. Custody of the three other children, Fred Eugene Nolte, Jr., age eight, William Bret Nolte, age seven, and Michael Lloyd Nolte, age six, was awarded to Fred E. Nolte. Mrs. Nolte appealed from this judgment and Fred E. Nolte answered the appeal.
Marietta Nolte assigns as error the following: (1) the trial judge’s failure to award her custody of the four children, and (2) the trial judge’s failure to award alimony pendente lite from the date of judicial demand.
Fred E. Nolte’s assignments of error are as follows: (1) the trial judge’s failure to award him custody of the four children, and (2) the amount of alimony and child support award. Fred Nolte has applied for an order to remand this case for the taking of further testimony.
Concerning custody pendente lite of the children, the Civil Code states:
“If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge.” [LSA-C.C. Art. 146]
Our jurisprudence is such that the mother has the paramount right to custody of her minor children and will not be deprived thereof unless proven unfit or there are other special circumstances. Reeves v. Reeves, La.App., 150 So.2d 58 (2d Cir. 1963); Douglas v. Douglas, La.App., 146 So.2d 227 (3d Cir. 1962); Capuder v. Misko, La.App., 177 So.2d 592 (3d Cir. 1965); Wilmont v. Wilmont, 223 La. 221, 65 So.2d 321 (1953); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960). It is not clear why the trial judge left custody of the youngest child with Mrs. Nolte and deprived her of custody of the remaining three children. If anything can be inferred from this action of the trial judge, it is that he did not think Marietta Nolte to be an unfit mother. We also are of the opinion that she was not shown to be unfit as a mother. Fred Nolte attempted to show that she abused the children physically with some regularity. There is testimony of isolated incidents where Mrs. Nolte struck the children. This alone is certainly not enough to render a mother unfit. Fred Nolte also attempted to show that Mrs. Nolte was unfit because of her religious beliefs. The trial judge felt that this testimony carried little weight and we agree. *120 Our reading of the record convinces us that there were isolated instances in Mrs. Nolte’s life as a mother which were not in keeping with accepted methods of child rearing. However, as a whole we are convinced, as the trial judge must have been that Marietta Nolte is not an unfit mother.
As we feel that Marietta Nolte is not an unfit mother, we are constrained to hold that.the trial court erred in depriving her of the custody of all four of her minor children. We recognize that in matters such as child custody the trial court has great discretion. Pellegrin v. Friedley, La.App., 237 So.2d 696 (4th Cir. 1970); LeBreton v. LeBlanc, La.App., 222 So.2d 571 (4th Cir. 1969); Robertson v. Robertson, La.App., 215 So.2d 521 (2d Cir. 1968); State ex rel. Johnson v. Ashmore, 197 La. 971, 2 So.2d 897 (1941); State ex rel. Theriot v. Pulling, 209 La. 871, 25 So.2d 620 (1946); State ex rel. Landry v. Robin, 193 La. 789, 192 So. 349 (1939); Fulco v. Fulco, La., 254 So.2d 603 (1971). However, we further recognize that our paramount concern is for the welfare of these children, and that “the separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity.” Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969).
In summary, then, we hold that Fred E. Nolte did not carry the burden of showing that Marietta Nolte was an unfit mother. Further, we hold that the welfare of these children would best be served by being in the custody of one parent, i.e., Marietta Nolte.
The trial judge awarded Marietta Nolte $75 per month alimony pendente lite and $40 per month for the support of Richard Bart Nolte. At the time of trial Nolte worked for General Electric at a salary of $3.25 per hour for a 40 hour week, grossing $520 per month. His take-home pay was approximately $370 per month. His house payment to Prudential Insurance Company is $103.40 per month. Typically, there is simply not enough money to go around.
“Our courts have consistently held an amount awarded as alimony pendente lite is largely within the trial court’s discretion and when such discretion is fairly exercised it will not ordinarily be interfered with on appeal . . .”
[Horne v. Horne, La.App., 210 So.2d 380, 381 (2d Cir. 1968) and cases cited therein.]
Due to the change of circumstances in that custody of all four children is now awarded to Marietta Nolte, we are constrained to hold that the award of $75 per month alimony pendente lite is excessive and must be reduced to $40 per month. We also feel that an award of $40 monthly per child would do substantial justice.
Marietta Nolte asserts that alimony pendente lite is due from the date of judicial demand and not from the date of judgment. The language of our courts indicates that she is correct. Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949); Stevens v. Stevens, La.App., 206 So.2d 558 (1st Cir. 1968). “Pendente lite” means “pending the suit” and indicates that alimony is due from the time the suit is commenced. See Black’s Law Dictionary 4th ed., p. 1290 (1957).
Fred Nolte applied for an order to remand this case for the taking of further testimony. It appears that this evidence would consist of testimony as to the fitness of drinking water at Mrs. Nolte’s present residence. “As a general rule, the Courts of Appeal have the right to remand cases for new trial, additional evidence, etc., to prevent a miscarriage of justice.” McKinney v. Levy, La.App., 212 So.2d 279, 281 (3d Cir. 1968); Texas Pipe Line Co. *121 v. Johnson, 223 La. 380, 65 So.2d 884 (1953); Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781 (1949). However, this procedure should be sparingly used. Texas Pipe Line, supra; Vines v. Allen, La.App., 77 So.2d 100 (1st Cir. 1954); Whitten v. Travelers Insurance Co., La.App., 141 So.2d 40 (2d Cir. 1962). Fred Nolte advanced no reason why he could not have obtained evidence as to the fitness of the drinking water in time for trial of the rule. In fact, he was invited to visit Mrs. Nolte’s residence in Arkansas but failed to do so. As a practical matter, cases should not be tried piecemeal, and we do not feel that this is a case in which the interest of justice would be served by a remand.
The judgment of the trial court is reversed, and it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff in rule, Marietta Nolte, against defendant in rule, Fred Eugene Nolte, awarding unto plaintiff in rule the custody pendente lite of the four minor children of the marriage, Fred Eugene Nolte, Jr., William Bret Nolte, Michael Lloyd Nolte and Richard Bart Nolte.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff in rule, Marietta Nolte, against defendant in rule, Fred Eugene Nolte, awarding unto plaintiff in rule alimony pendente lite in the amount of Seventy Five and No/100 ($75) Dollars per month commencing April 13, 1971 payable on the first day of each successive month thereafter until the judgment of this court becomes final, and then Forty and No/100 ($40) Dollars per month commencing on the date this judgment becomes final, payable on the first day of each successive month thereafter until further order of the First Judicial District Court, Caddo Parish, Louisiana.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff in rule, Marietta Nolte, against defendant in rule, Fred E. Nolte, awarding unto plaintiff in rule child support in the amount of Forty and No/100 ($40) Dollars per month commencing on April 13, 1971 payable on the first day of each month thereafter until the judgment of this court becomes final, and then One Hundred Sixty and No/100 ($160) Dollars per month commencing on the date the judgment of this court becomes final, payable on the first day of each successive month thereafter until further order of the First Judicial District Court, Caddo Parish, Louisiana.
Costs of this appeal are to be borne by Fred E. Nolte.