DOMENGEAUX, Judge.
Plaintiff-mother, Mrs. Betty Ruth McDaniel Webb Perot, appeals a judgment of the district court which dismissed her suit seeking return of custody of her two minor childred. We affirm.
Plaintiff-mother was married to Charles Roy Webb, from which marriage two children were born, namely, Charles Wayne Webb and Katherine Renee Webb, whose ages at the time of these proceedings were 11 and 9 respectively. In September, 1969, the parties were judicially separated and the court placed the custody of the two mi *926 nor children with Mr. and Mrs. S. L. McDaniel, plaintiff’s parents. Betty Ruth McDaniel Webb and Charles Roy Webb were subsequently divorced and the former married one Robert Perot. She later sought a change of custody, which was denied after hearing by the district court on April 27, 1971; however, the judgment did grant a routine of visitation privileges to the mother. These two judgments were not appealed.
On September 21, 1971, the mother filed a “Petition for Custody” citing as defendants her father and mother, Mr. and Mrs. S. L. McDaniel, and her former husband, Charles Roy Webb. She alleged various instances when her parents violated her privileges of visitation with the children contrary to the Court’s previous decree, and further alleged that she was now married to Robert Perot and that the Perot home was adequate and suitable for the rearing of the minor children, and further that she and her husband were gainfully employed, and that their earnings were sufficient to support themselves and the two minor children. To this petition Mr. and Mrs. S. L. McDaniel, through counsel, filed an exception of no cause or right of action which was to the effect that the mother’s petition failed to allege any change of circumstances justifying a change of custody. This exception was referred to the merits. The children’s father, Charles Roy Webb, through an appointed curator ad hoc, sought and secured a continuance and a stay of proceedings under the Soldier’s and Sailor’s Civil Relief Act of 1940 inasmuch as he was serving in the U. S. Navy in Viet Nam.
On the basis that plaintiff’s petition made no allegation that the present conditions under which the children were living was detrimental to their welfare nor that she could provide a better home and a better environment, the District Judge in effect sustained the exception of no cause of action filed by the grandparents. He further ruled that he could not hear evidence concerning a change of custody in the absence of the father who, as aforesaid, was granted a continuance under the Serviceman’s Act. The trial therefore was limited to a consideration of whether or not Mr. and Mrs. McDaniel failed to comply with the court’s order of April 27, 1971, respecting the visitation privileges of the mother. After hearing the evidence on that subject and finding no violations of the Court’s Order, plaintiff’s petition was dismissed. It is this ruling that plaintiff appeals herein.
The mother’s pleadings filed September 21, 1971, although styled “Petition for Custody” merely contained a series of averments to the effect that her parents refused to honor her rights of visitation granted under the Court’s previous judgment. It contained no allegations of a change of circumstances in any way, nor did it allege that the continuation of the present custody of the children was detrimental to them so as to justify their removal from the grandparents. Such being the case, it is our conclusion that the trial judge acted properly in sustaining the exception of no cause of action filed by the grandparents. It is well recognized that once a trial court has made a considered decree of custody, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, and cases cited therein. Actually, in this case, a review of the evidence adduced at the hearing shows that the trial judge was eminently correct in concluding that his previous orders concerning visitation by the mother was not violated by the grandparents.
The record before us does not indicate the reasons why the grandparents were awarded custody initially, nor why the children were not returned to the *927 mother upon her first application for a return of custody, and in these instances no appeals were taken, as aforementioned. In the absence of any showing to the contrary, we must presume that the trial court was justified in awarding custody of the children to the grandparents, in preference to either parent. Although parents have a natural right to the custody of their children, nevertheless the State has an interest in children which goes beyond the parental right. In all cases involving their custody, the welfare of the children must be considered and should prevail over the mere parental right of their possession. State ex rel. Harris v. McCall, 184 La. 1036, 168 So. 291; Pulling v. Theriot, 209 La. 871, 25 So.2d 620. We also bear in mind that upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and of the children, and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Fulco v. Fulco, supra.
In view of our conclusion we do not pass upon the propriety of the stay of proceedings granted the father under the Soldier’s and Sailor’s Civil Relief Act of 1940.
For the above and foregoing reasons the judgment of the District Court-is affirmed at appellant’s costs.
Affirmed.
*