CUTRER, Judge.
This is an appeal from a judgment on a rule for child custody which granted to plaintiff-in-rule, Annie Wisner Simpson, the custody of her minor son, Gary Cleveland Simpson, Jr., during the pendency of the separation suit filed by defendant-in-rule, Gary Cleveland Simpson, appellant before this court. We affirm the judgment of the lower court.
The facts giving rise to this controversy are as follows: Appellant and appellee were married on February 19, 1972 in Natchez, Mississippi, and thereafter established their matrimonial domicile in Con-cordia Parish, Louisiana. On April 13, 1973, their only child, Gary Cleveland Simpson, Jr., was born.
According to the allegations of appellant in his petition for separation, filed July 10, 1975, appellee left the matrimonial domicile without cause on May 19, 1975, taking the minor child with her. Appellant prayed for the appointment of a curator ad hoc to represent appellee, since she had left the state and set up residence in Wyoming. In addition, appellant prayed for a judgment of separation based on appellee’s unjustified abandonment of him and for custody of the minor child. On July 22, provisional custody of the child was given to the appellant pending the separation proceedings.
On July 29, appellee filed an answer and reconventional demand alleging that appellant had mistreated and beat her, and as a *505 result forced appellee to leave the matrimonial domicile. She prayed for judgment granting a separation in her favor, alimony pendente lite and temporary custody of the child. An order was signed ruling appellant into court to show cause why appellee should not be granted temporary custody of the child during the pendency of the separation proceedings. A hearing was held on August 27, at which time testimony was received on the issues of child custody and alimony pendente lite. Judgment was rendered in favor of appellee, Mrs. Simpson, awarding her custody of the minor child subject to visitation rights in favor of the appellant every other weekend from Friday at 6:00 P.M. until Sunday at 6:00 P.M., beginning September 5, 1975. In addition, appellee was awarded child support in the amount of $15.00 per week, payments to commence September 5. Appellant has appealed from the judgment contending the evidence presented establishes that appellee is morally unfit and otherwise unsuitable to have custody of their child.
This appeal involves a situation controlled by LSA-C.C. article 146, which provides that the mother shall receive custody of the minor children of the marriage during separation proceedings unless there are facts presented which, within the discretion of the judge, deprive her of this right. Here the trial judge found insufficient proof that appellee was morally unfit or otherwise unsuitable to have custody of the child. We find no error on the part of the trial judge in connection with this determination.
There was testimony by some of appellant’s witnesses that appellee had made sexual advances towards them. There was testimony that appellee had struck her child with a piece of rubber tubing. There were allegations that the appellee was not properly feeding and caring for the child.
Although the trial judge gave no written reasons for his judgment, it is evident that the testimony given to impugn the moral integrity of appellee was not believed. The allegations that the child was not properly fed and cared for while with appellee were not supported by the record. As for the testimony that appellee had struck her child with a piece of rubber tubing, the tubing was introduced into evidence, and visual examination of the tubing reveals it to be scarcely larger than a soda straw. Appellee cannot be found unfit simply because she struck the child. Nolte v. Nolte, 258 So.2d 118 (La.App. 2nd Cir. 1972). We conclude that the trial judge did not abuse the discretion granted him under LSA-C.C. article 146.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s costs.
Affirmed.