HALL, Judge.
This appeal involves a contest between the defendant and his present wife over the temporary custody of a minor child of the defendant by a previous marriage, and arises as an incident to a suit for separation from bed and board brought against defendant by his present wife.
The plaintiff, Mrs. Marjorie L. Livingston, instituted suit on September 4, 1963 against her husband, Hilton L. Bond, Jr., for separation from bed and board, and coupled with it a rule for custody pendente life of Hilton L. Bond, III, minor child of her marriage to defendant, and of Eloise Bond, minor daughter of her defendant husband by a previous marriage. Trial of the rule resulted in a judgment awarding plaintiff the temporary custody of both children. The defendant husband prosecutes this devolutive appeal from that judgment but only insofar as it pertains to the custody of his minor daughter, Eloise. The separation suit has not been tried on the merits
Defendant-appellant urges that:
(1) The Trial Court lacked jurisdiction to rule upon the custody of the child, Eloise, because she was not present in the State of Louisiana but was actually residing in the State of Mississippi at the time of the institution of these proceedings and is still residing in Mississippi;
(2) Even if the Trial Court had jurisdiction, it erred in awarding custody to the plaintiff step-mother in preference to the child’s own father when it was not shown that the father was unfit to have the custody.
-1-
Defendant was present in person at the trial of the rule below and made a general appearance, without filing any pleas, exceptions or other pleadings; nor has he filed any pleas or exceptions in this Court, but urges that the Trial Court lacked jurisdiction of the subject matter of the rule. Despite the lack of any such plea we feel bound to pass upon the matter since a judgment of a court lacking jurisdiction of the subject matter is an absolute nullity.
On September 2, 1963, and prior thereto, the parties were living as husband and wife in Jefferson Parish. On September 2, 1963 Mr. Bond took his minor daughter, Eloise, to Biloxi, Mississippi, and placed her in the care of some friends of his named Searcy. He returned to live in Jefferson Parish, but not to the matrimonial domicile, where plaintiff continued to live.
Appellant urges that, because the minor is physically in Mississippi, the Louisiana Court is incompetent to render a custody decision involving the minor; and that the only Court having jurisdiction is the Mississippi Court within whose territorial jurisdiction she is found. In support of this argument appellant cites State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88, and Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133. Both of these decisions concern only the effect which is to be given by the Courts of one state to the judgments of a sister state in custody matters under the Full Faith and Credit Clause of the Federal Constitution. Neither is authority for the proposition that the court of a minor’s domicile is without jurisdiction to pass upon matters pertaining to the minor’s custody; and neither supports appellant’s argument in any manner.
Both claimants to the custody of the minor, Eloise Bond, are before the Court. Both are domiciled in Jefferson Parish. The domicile of the minor is likewise in Jefferson Parish, her domicile being that of her father and natural tutor.
*390 Unquestionably the District Court of Jefferson Parish had jurisdiction over the custody of the minor, Eloise Bond. LSA-Constitution 1921, Article 7, Section 35; LSA-C.C.P. Article 10(5); Person v. Person, 172 La. 740, 135 So. 225.
Some doubt occurs to us, however, whether plaintiff has a right of action in a separation suit against her husband to claim the custody of Eloise in view of the fact that Eloise is not a "child of marriage” (see LSA-C.C. art. 146). While the provisions of LSA-C.C.P. Art. 927 would permit us on our own motion to notice a plaintiff’s failure to disclose a right of action, we refrain from passing on this question preferring to rest our decision on our conclusions on the merits.
-2-
The child, Eloise Bond, was born on October 11, 1955, and is the daughter of the defendant, Hilton L. Bond, Jr., by his first marriage. After the death of his first wife defendant placed the child in the care of plaintiff and her family in November 1958. Shortly thereafter viz. on February 21, 1959 plaintiff and defendant were married and the child, being then approximately three years old, was taken into their household and continued to reside with them until her removal to Mississippi by her father on September 2, 1963. She was then eight years old.
The evidence shows that the defendant, who was a pipe fitter by trade, was compelled to seek employment at various places outside of Louisiana when there were no local jobs available. When he was working elsewhere, which was a great deal of the time, his daughter, Eloise, remained with the plaintiff step-mother at the family domicile. We take it for granted that plaintiff developed a warm attachment to the child. She had always wanted to adopt Eloise and although defendant had promised to give his consent thereto, he did so with mental reservations, and the adoption never took place.
A boy, Hilton L. Bond, III, was born of the marriage between plaintiff and defendant on March 11, 1961 and was 2^ years old at the time this suit was filed. Temporary custody of the boy was awarded to plaintiff and the Court’s ruling on that score is not questioned here.
There is no testimony to show that the plaintiff step-mother would not be a fit person to have custody of Eloise. On the other hand there is no testimony whatever showing or even tending to show that the defendant, her father, is mentally, physically or morally unfit to have her custody. He has always supported his wife and children to the best of his ability and there is nothing in the record which casts doubt on his affection for his daughter.
Eloise is presently living with a family named Searcy in Biloxi, Mississippi, having been placed in their care by her father two days before this suit was filed. The defendant is paying her board with this family and she has been entered in school in Mississippi. There is nothing in the record to show that the Searcy family is unfit or incapable of taking care of her, although there is some testimony that their home is a small one consisting of only two bedrooms. The family consists of the husband, the wife and three boys, the youngest approximately the age of Eloise, and it is suggested that the home does not contain accommodations for a girl of this age. However the child is occupying a separate room at the present time and Mr. Bond testified that he is making provisions to add an additional room to the house, having obtained the Searcy’s consent to do so. The house already has two baths.
The record shows that Mr.. Bond has refused to permit his wife to correspond with Eloise unless plaintiff’s mother or sister censors the letters, and that he will not permit her to visit Eloise except in the presence of other people. Mr. Bond testified that his wife’s sister was a better influence on the child than was his wife.
*391 The District Judge m awarding temporary custody of Eloise to the plaintiff stepmother had this to say:
“ * * * Ordinarily, there would be little question of the right of the father to have custody of the child, rather than the stepmother. However, the facts of this case take it out of the general rule. The child is not with her father, but is with friends of her father’s, and her father sees her only on week-ends, which he would be able to do if the child were in the custody of the stepmother who has, to all intents and purposes, raised her.”
It is too well settled to require citation of authority that the natural parent has a superior right to the custody of his child over all third persons. It is also well settled that the welfare of the child is of paramount importance and that the rights of the natural parent must yield to the superior right of the State to deprive the natural parent of the care and possession of his child in case the physical, mental, or moral welfare of the child requires it. Two of the most recent decisions on the subject are: Mouton v. St. Romain, 245 La. 839, 161 So.2d 737, 739; and State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759, both decided February 24, 1964.
Since Mr. Bond has a superior right to the custody of his daughter the burden was on the plaintiff step-mother to show that the physical, mental or moral welfare of the child would be jeopardized by permitting her to remain in his custody. This, in our opinion, she has not done. The fact that a father who must earn a living and who must necessarily place his minor daughter in the physical care of others because he is not in a position personally to tend to her daily needs is not in itself sufficient ground to deprive him of her custody. We find nothing in the record as presently made up sufficient to warrant depriving her natural father of his superior legal right to her custody.
For the foregoing reasons that part of the judgment appealed from is reversed and set aside and it is now ordered that the temporary care, custody and control of the minor, Eloise Bond, he and the same is hereby awarded to the defendant, Hilton L. Bond, Jr.; costs of this appeal to be borne by the plaintiff-appellee.
Reversed and remanded.