LE SUEUR, Judge.
On September IS, 1967, plaintiff filed a petition for a separation a mensa et thoro from defendant and asked for temporary custody of the only child of the marriage during the pendency of the action. On September 19, 1967, plaintiff filed a motion to fix temporary visitation rights in the matter. This motion was resolved by a consent judgment signed on September 27, 1967, granting plaintiff the requested visitation rights. On May 7, 1968, plaintiff filed a rule for change of child custody for ‘'the best welfare and best interests of the child”. On May 10, 1968, .a judgment was rendered which, among other issues decided, dismissed plaintiff’s rule for change of child custody. Plaintiff has appealed the dismissal of that rule but no other part of the judgment rendered in his case on May 10.
There is no question that defendant in this matter, the mother, actually has custody of the minor child at the present time or that she has had custody from the time the parties separated. Although there is no indication of a court order granting defendant custody of the child pending the litigation, this issue has not been raised by plaintiff either on the trial of his rule or his appeal of that judgment and the court does not have to consider that matter.
Regardless of the name plaintiff gives to the action he has brought, he is seeking custody of his child either for the best welfare and best interests of the child or because of a change in the child’s circumstances that have affected that interest and welfare. In light of LSA-C.C. Art. 146, granting the mother custody of the child pending litigation for separation or divorce unless there are strong reasons to deprive her of that custody, it would appear that plaintiff would have to present evidence of some inability or unsuitability of defendant to care for the child for plaintiff to be granted temporary custody.
This ultimately leads us to the question of whether plaintiff has presented sufficient evidence to persuade the court that Art. 146 and the cases decided thereunder should not control in this case. The trial court, after hearing the pleadings, evidence and argument of counsel, did not feel that plaintiff had presented sufficient evidence to show defendant unfit to care for and have custody of the child of the marriage. After a careful review of the record presented on appeal, this court must agree with the finding of the trial judge.
Plaintiff has filed multitudinous pleadings in support of his action for separation and child custody but his pleadings are unsubstantiated until contradictorily tried and evidence submitted to prove the allegations made. At the trial on the rule on May 10, 1968, plaintiff did not bring any evidence or witnesses to corroborate his allegations *573 concerning defendant’s personal or social habits, or her lack of ability or unsuitability to rear the child. Plaintiff has simply made allegations in written pleadings but did not prove defendant’s alleged faults of which he complained.
Louisiana presently subscribes to the following legal theories regarding custody of minors during litigation for separation or divorce between parents when both parents seek custody of the minors:
1. the mother has the right of custody pending litigation unless proven unfit;
2. the welfare and best interest of the child is of the utmost concern to the court; and,
3. the trial judge has great discretion in granting custody.
These principles were clearly enunciated in a case recently decided by this court. In Pickens v. Pickens, 186 So.2d 683 (La.App. 4th Cir. 1966), writ refused, the court held the following:
When the parents of minor children are initially contesting the right of one over the other to custody, the general rule is that the mother’s right to custody, especially when the children are of tender age, is paramount to that of the father and such right will not be denied unless she is morally unfit or otherwise unsuitable; however, in all cases the most important consideration is the best interest and welfare of the children. (Citations omitted.)
While an award of custody is subject to modification or change within the sound discretion of the trial judge, our jurisprudence has established the rule that a judgment awarding the permanent custody of children will not be changed unless the party seeking the change proves: (1) the conditions under which the children are living are detrimental to their best interest and welfare; and (2) that the applicant can and will provide a good home and better environment if awarded their custody. (Citations omitted.)
Although plaintiff might not agree with these legal theories, they are the present legal standards and this court is obliged to follow them unless evidence is presented to show why .a deviation in a particular case is justified.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff’s rule is affirmed, plaintiff-appellant to bear all costs of this appeal.
Affirmed.