DOMENGEAUX, Judge.
Donovan F. Pellegrin and Ann Friedley were married in New Orleans on December 19, 1964, and of this marriage one child was born, Cal James Pellegrin, who is now four years of age. Mrs. Pellegrin had another child, seven, by a former marriage which appears to have been a putative marriage. On April 9, 1969, Mr. Pellegrin filed a petition for separation from bed and board alleging abandonment and cruel treatment on the part of his wife and praying for custody of his minor son, Cal J. Pellegrin. Alleging that his wife was an unfit mother he also prayed that a rule nisi be issued ordering the defendant to show cause why he should not be given custody of their son pendente lite. Following the trial of this rule on April 25, 1969, the trial judge rendered judgment discharging and dismissing the rule and thus retaining custody of the child in Mrs. Pellegrin. Plaintiff has appealed that judgment to this court.
The record discloses that the defendant wife earns her living as a barmaid in a less than desirable establishment. There is, however, nothing in the evidence which would lead us to believe that she engages in any sort of immoral conduct. She uses the money that she earns to pay the rent on a one-room apartment for herself and to pay a baby sitter to care for her two children. This baby sitter lives with her retired husband in a five-room home, with a fenced-in back yard, located in a reason *697 ably pleasant residential neighborhood. The two boys live in the baby sitter’s home and have their own room therein. The older boy attends school and is escorted to and from school each day by the baby sitter’s sister. Mrs. Pellegrin testified, and her testimony was corroborated by the baby sitter, that she visits with her children every day, plays with them, and takes them out for walks, purchasing sweets for them, etc.
The law of this state is clear in commanding that the custody of minors pending the outcome of a suit for separation or divorce shall be granted to the wife, whether she be plaintiff or defendant, unless there are strong reasons to deprive her of it. LSA-C.C. art. 146; LeBreton v. LeBreton, La.App., 222 So.2d 571. Considering the manner in which this mother is caring for her children we see no such strong reasons. She has not been shown to be unfit and the welfare of the children is being looked after. The fact that due to the necessity for working she must keep the boys in a home other than her own is not a sufficiently good reason to deprive her of custody. Bond v. Bond, La.App., 167 So.2d 388; writs refused 246 La. 919, 168 So.2d 824. The boys enjoy a wholesome home atmosphere and see their mother daily.
In matters such as this the trial court has great discretion. Guillory v. Guillory, 221 La. 374, 59 So.2d 424, and his exercise of that discretion will not be disturbed in the absence of a clear abuse thereof. Robertson v. Robertson, La.App., 215 So.2d 521; Tiffee v. Tiffee, La.App., 212 So.2d 186. The trial judge in this case decided that no showing had been made of strong reasons why the defendant mother should be deprived of custody pen-dente lite. We find no error in his conclusions.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.