DOMENGEAUX, Judge
(concurring).
I concur in the result reached, but only because upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue should not be disturbed on review in the absence of a clear showing of abuse thereof. Fulco v. Fulco, 259 La. 1122, 254 So. 2d 603 (1971); Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972).
*614 I feel, also, inasmuch as this litigation involves one parent seeking to change a prior custody award, that the result reached herein should be so reached by an application of the double burden rule as set out in Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). I have adhered to said rule before. See King v. King, 245 So.2d 560, (La.App. 3rd Cir. 1971); Hebert v. Mestayer, 251 So.2d 67 (La.App. 3rd Cir. 1971). The rule has recently been re-emphasized by our Supreme Court in the Fid-eo and Estes cases, supra.